UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-97 (MJD/JJG)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED ORDER** |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER WILLIAM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the United States' amended motion for a continuance in this matter and for findings that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial.

Based upon the United States' Memorandum of Law, and upon the files and records in this case, the Court makes the following findings of fact:

**FINDINGS OF FACT:**

1.     On or about March 8, 2006, the United States brought a complaint against Roanna Cleofe, charging her with endeavoring to obstruct justice and

aiding and abetting the same, in violation of 18 U.S.C. §§ 1503 and 2.  On or about March 29, 2006, the United States brought a second complaint against Cleofe, charging her with the foregoing offenses as well as with conspiracy to tamper with a witness, in violation of 18 U.S.C. § 1512.

2.      On or about March 21, 2006, an indictment was returned against Christopher Smith, charging him with conspiracy to tamper with a witness, in violation of 18 U.S.C. § 1512, and with endeavoring to obstruct justice and aiding and abetting the same, in violation of 18 U.S.C. §§ 1503 and 2.  On or about May 1, 2006, Smith was arraigned on these charges and the Speedy Trial Act clock began running.  However, as a result of issues relating to the possible death penalty eligibility of the case, as well as to accommodate the defendant, the Court set Smith's case on for trial on August 21, 2006.  Thus, on May 10, 2006, Smith filed a Waiver of Speedy Trial Right, acknowledging that the ends of justice were served by such a continuance.

3.      On or about August 4, 2006, Smith moved for a second continuance, contending that an essential defense witness, Roanna Cleofe, was unavailable for trial.   In his motion, Smith stated that he had previously filed a written waiver of his Speedy Trial rights; he acknowledged that the ends of justice were served by granting the continuance to allow the government to secure the unavailable witness by way of extradition; and he agreed that the entire period of the

2

continuance should be excluded from the Speedy Trial Act calculations. On or about August 7, 2006, the Court granted the defendant's motion for a continuance. On or about August 8, 2006, the Court issued an order stating that the entire period of the continuance was excluded from the Speedy Trial Act calculations.

4.      Thereafter, in August and September, the parties began preparing for trial in another matter involving Smith, Criminal No. 05-282 (MJD/JJG). Trial concluded in that matter on or about November 22, 2006.

5.      On or about January 12, 2007, the Court held a status conference in this matter. Smith, through counsel, indicated his belief that the Speedy Trial Act clock could not be continued indefinitely on the present record.

6.      On January 17, 2007, the United States brought a motion to consolidate this matter with the matter against Roanna Cleofe in Criminal No. 06-mj-88 (MJD), for a continuance in this matter, and for findings that the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial.

7.       On or about February 16, 2007, the Court granted each of the United States' motions, including the motion to consolidate this matter with the matter against Roanna Cleofe in Criminal No. 06-mj-88 (MJD). Thereafter, however, it came to the Court's attention that although the United States intends

3

to seek an indictment against Cleofe in the future, because Cleofe is currently

charged by way of a complaint, the case against her is not yet ripe for

consolidation with the case against Smith.  On or about February 20, 2007, the

United States withdrew its motion for consolidation, but renewed its motions for a

continuance in this matter and for findings that the ends of justice served by such

continuance outweigh the best interest of the public and the defendant in a

speedy trial.

8.      Any delay in the trial of this matter has, to this point, been at least

partially as a result of the defendant's request to continue the matter in order to

allow the United States to extradite Cleofe, a witness whom Smith has claimed is

an essential defense witness.

9.      Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends

of justice served by granting this continuance outweigh the best interest of the

public and the defendant in a speedy trial.   Namely, any further delay in this case

is as a result of the time necessary to extradite Cleofe to the United States.

Defendant Smith has previously asserted that Cleofe is an essential witness for

him, and he has not retracted that assertion.   There is no showing of prejudice to

any party as a result of this continuance.  Smith is in secure custody but this is as a

result of the pendency of the sentencing in his other case, Criminal No. 05-282

(MJD/JJG).   Moreover, the United States has indicated its intent to indict Cleofe

and to seek to renew its motion to consolidate its cases against Smith and Cleofe

4

at that time.  Should the Court then grant the motion to consolidate the two case,

Smith would in any event not be entitled to a trial in the joint case until such time

as Cleofe is brought to the United States, indicted and arraigned.  Pursuant to 18

U.S.C. § 3161(h)(7), the Speedy Trial Act clock would be tolled during the entire

period before Cleofe's arraignment, unless and until such period were to be

deemed an unreasonable length of time.  In addition, there is currently a pending

pretrial motion, the United States' Motion in Limine Regarding Proposed Defense

Expert Roger Shuy, which has not yet been resolved.  Pursuant to 18 U.S.C. §

3161(h)(1)(F) the Speedy Trial Act clock will also be tolled during the period

prior to resolution of that motion, further demonstrating that the continuance of

this matter and any delay resulting therefrom would not unduly prejudice

defendant Smith.


**IT IS HEREBY ORDERED:**


1.      The United States' amended motion for a continuance in this matter

[Docket No. 35] is **GRANTED**.  The case shall be set for trial promptly following

the extradition of Roanna Cleofe.   For the reasons set forth above, and pursuant

to 18 U.S.C. § 3161(h)(8)(A), the entire period of the continuance is excluded

from the period within which the trial of this matter must commence under the

Speedy Trial Act.

2.      This Order is without prejudice to the rights of the United States to move for consolidation of the indictment in this case brought against Christopher Smith with any indictment that it may bring against Roanna Cleofe.


Dated:  February 21, 2007                         s/ Michael J. Davis
                                                  Judge Michael J. Davis
                                                  United States District Court